**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

STEPHEN T. MCPHERSON, *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

CARLOS DEL TORO, *Secretary of the Navy and the Board for the Correction of Naval Records*,

Defendants.

Case No. 2:22-cv-249

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion to Dismiss filed by Secretary of the Navy Carlos Del Toro and the Board for the Correction of Naval Records ("BCNR").[1] ECF Nos. 28 (motion) and 29 (memorandum). The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J). For the reasons stated herein, the motion is **GRANTED.**

[1] The Secretary inadvertently omitted the BCNR as a party in his initial motion to dismiss. He subsequently filed a notice indicating that the motion to dismiss was "filed on behalf of both defendants in this case." ECF No. 37 at 1. The Court construes this as a request to correct his filing, which is granted. Thus, the motion to dismiss (ECF No. 28) is directed to the plaintiff's claims against both Secretary Del Toro and the BCNR.

## I. BACKGROUND

In 2012, the United States Navy investigated Plaintiff Stephen T. McPherson for allegedly engaging in an improper relationship with the wife of a subordinate enlisted service member. ECF No. 26 at 5. Following the investigation and hearing, Rear Admiral Kenneth Norton, who oversaw the proceedings, imposed nonjudicial punishment, including a letter of reprimand and forfeiture of $1,000 pay for two months. ECF No. 26 at 7. The plaintiff then petitioned the BCNR to have the letter of reprimand removed from his file. ECF No. 26 at 13. His petition was denied. ECF No. 26 at 14. He appealed the BCNR's ruling to the United States District Court for the District of Columbia ("the D.D.C. litigation.") ECF No. 26 at 15; *McPherson v. Harker*, No. 18-cv-3082, 2021 WL 1820290 (D.D.C. May 6, 2021). That court granted summary judgment on behalf of the defendants. *McPherson*, 2021 WL 180290, at *1. The plaintiff appealed the district court's decision, and the United States Court of Appeals for the District of Columbia affirmed. *McPherson v. Del Toro*, No. 21-5127, 2022 WL 985412 (D.C. Cir. Mar. 28, 2022).

The plaintiff filed the instant amended complaint in this Court on July 21, 2023,[2] alleging three violations of the Administrative Procedure Act, 5 U.S.C. § 101,

---

[2] The plaintiff, appearing *pro* se, filed the original complaint in this matter on June 13, 2022. ECF. No. 1. On February 28, 2023, the Honorable Elizabeth W. Hanes, to whom this case was previously assigned, granted leave to amend the complaint given that the plaintiff attempted to file a class action *pro se*. ECF No. 14. On June 24, 2023, this Court granted a pro hac vice motion for counsel to appear on the plaintiff's behalf. ECF No. 24. Plaintiff's counsel subsequently filed the operative amended complaint. ECF No. 26. The Court also notes that the plaintiff's amended complaint does not comply with Fed. R. Civ. P. 10(b), which requires that a party state "its claims . . . in numbered paragraphs."

*et seq*. ECF No. 26 at 25–27. First, the plaintiff contends that the defendants' "failure to uphold federal law and precedent" was arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A). *Id.* at 25. Second, the plaintiff asserts that the defendants' refusal "to make any meaningful attempt to review the disciplinary actions taken by its corrupt cadre of officers" violates the Fifth Amendment's due process clause and 5 U.S.C. § 706(2)(B). ECF No. 26 at 26. Finally, the plaintiff alleges that the defendants "failed to consider importance evidence" demonstrating that the plaintiff was "not guilty" in violation of 5 U.S.C. § 706(2)(B). ECF No. 26 at 26. On August 28, 2023, the defendants moved to dismiss the complaint based on lack of subject-matter jurisdiction, failure to state a claim, and failure to meet the class requirements under Fed. R. Civ. P. 23. ECF Nos. 28 (motion) and 29 (memorandum).

## II. LEGAL STANDARDS

### A. Motions to Dismiss Under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Res judicata* is not a jurisdictional doctrine—it is an affirmative defense that must be pleaded and proved. Fed. R. Civ. P. 8(c); *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). Therefore, "claims are barred [under *res judicata*] only if clearly precluded from the face of the complaint." *Lamb v. Molly*, No. 8:19-cv-3469, 2021 WL 1198158, at * 7 (D. Md. Mar. 30, 2021).

Generally, when considering a motion to dismiss, the court "must take all factual allegations in the complaint as true." *Papsan v. Allain*, 478 U.S. 265, 286 (1986). However, "[w]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006).

**B. *Res Judicata***

The principles of *res judicata* preclude courts from reaching the merits of a case in certain instances. *Orca Yachts, L.L.C., v. Mollicam, Inc.*, 287 F.2d 316, 318 (4th Cir. 2002) ("Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication."). This legal doctrine encompasses two distinct concepts: claim preclusion and issue preclusion.[3]

"A final judgment on the merits of an action precludes the parties from . . . relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Orca Yachts*, 287 F.2d at 318 (stating that claim preclusion bars "litigation of not only every matter actually adjudicated in the earlier case, but also of every claim that might have been presented") (quotation marks and citation omitted). Put differently, claim preclusion requires parties to

---

[3] Issue preclusion is a narrower doctrine that operates to bar "subsequent litigation of those legal and factual issues common" to two separate causes of action "that were actually and necessarily determined." *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). Issue preclusion is not applicable here because this case involves the same cause of action.

bring all possible claims arising from the cause of action in a single case. *See Dionne v. Mayor & City Council of Baltimore*, 40 F.3d 677, 683 (4th Cir. 1994) (stating that claim preclusion "forc[es] a plaintiff to raise all possible theories of recovery and to demand all desired remedies in one proceeding").

Claim preclusion is applicable "when three conditions are satisfied":

> (1) "the prior judgment was final and on the merits, and rendered by a court of competition jurisdiction in accordance with the requirements of due process;"
>
> (2) "the parties are identical, or in privity, in the two actions;" and
>
> (3) "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding."

*In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).

## III. ANALYSIS

The defendants argue that the plaintiff's claims should be dismissed for three reasons: lack of subject-matter jurisdiction, failure to state a claim, and failure to meet the class requirements under Fed. R. Civ. P. 23. ECF No. 29 at 1. For the reasons stated below, the Court finds that the doctrine of claim preclusion bars the plaintiff's claims against Secretary Del Toro and the BCNR.

It is undisputed that the United States District Court for the District of Columbia is a court of competent jurisdiction and rendered a decision on the merits. *See generally McPherson v. Harker*, No. 18-cv-3082, 2021 WL 1820290 (D.D.C. May

6, 2021).[4] Furthermore, the United States Court of Appeals for the District of Columbia affirmed that court's decision. *McPherson v. Del Toro*, No. 21-5127, 2022 WL 985412 (D.C. Cir. Mar. 28, 2022). Thus, the first requirement is met.

The second requirement—that the party invoking preclusion and the party against whom preclusion is being invoked must both have been parties to the original action—is also met.[5] In the D.D.C. litigation, the plaintiff, Stephen T. McPherson, sued three defendants: the Secretary of the Navy, the United States Navy, and the BCNR. *McPherson*, 2021 WL 1820290, at *1. In the instant suit, Plaintiff Stephen T. McPherson is suing the Secretary of the Navy and the BCNR. ECF No. 26 at 1.

The crux of the dispute between the parties is whether the third requirement—that the claims in this case are based upon the same cause of action involved in the D.D.C. litigation—is met. "Suits involve the same claim (or cause of action) when they arise from the same transaction, or involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 140 S. Ct. 1589, 1594–95

[4] "Because [the plaintiff] does not dispute the factual accuracy of the record of his previous suit against" the Secretary of the Navy and the BCNR, the Court is permitted to take judicial notice of this prior case. *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000).

[5] The fact that the plaintiff has brought this claim as a class action is of little consequence to the Court's claim preclusion analysis. To represent the putative class, the plaintiff must be a member of it. *Bailey v. Patterson*, 369 U.S. 31, 32–33 (1962). The plaintiff's claims are barred under claim preclusion, and thus, he cannot be a member of the class. *See Weinberger v. Retail Credit Co.*, 498 F.2d 552, 556 (4th Cir. 1974) (holding that because the plaintiff's claim was barred, he was not a member of the class he sought to represent and could not maintain the suit as a class action); *Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997) (holding that when the claim of the sole named class representative was time-barred, the putative class lacked a representative and could not be certified).

(2020) (quotation marks and citations omitted). The Court finds that the instant suit involves the same claim as the D.D.C. litigation for at least three reasons.

First, both suits seek judicial review of the same BCNR decision. *Compare McPherson*, 2021 WL 1820290, at *7 ("[The plaintiff] seeks a determination that the [BCNR]'s February 2020 decision was arbitrary and capricious. . .") *with* ECF No. 26 at 8, 14–16 (alleging that the defendant failed to consider certain evidence and committed procedural violations in the February 2020 BCNR decision). Thus, the suits are grounded in the same conduct.

The plaintiff is also raising the same or similar legal theories of recovery. *Compare McPherson*, 2021 WL 1820290, at *7 (describing the plaintiff's argument that the BCNR "incorrectly determined that [Admiral] Norton permissibly considered plaintiff's Facebook messages with [his subordinate's wife]" *with* ECF No. 26 at 6, 25 (alleging that Facebook messages were obtained in violation of 18 U.S.C. § 2511(1)(c)(d) and that the defendant failed to uphold "federal law and precedent"). For example, in the D.D.C. litigation the plaintiff argued that he was entitled to relief, in part, because "the [BCNR] erred in rejecting his procedural objections to the [nonjudicial punishment] hearing." *McPherson*, 2021 WL 1820290, at *7. In the instant litigation, the plaintiff is alleging that the defendant violated the Fifth Amendment's due process clause because the Navy "did not follow their own regulations and sub-regulatory guidance in conducting their adjudications in a fair and orderly manner." ECF No. 26 at 26. Thus, the two suits involve the same or similar legal theories.

Finally, the plaintiff seeks the exact same relief here as he did in the D.D.C. litigation—a declaration that the BCNR's decision is unlawful, and an order that he be reinstated to the Naval service. *Compare McPherson*, 2021 WL 1820290, at *7 (stating that the plaintiff seeks a determination that the BCNR decision is unlawful and "an order directing the Defendant to reinstate Plaintiff to military service") *with* ECF No. 26 at 28 (asking the Court to "[d]irect, by issuance of an injunction, that the letter of reprimand . . . against [the plaintiff] be removed from his official record and that he be reinstated to the Naval service"). Thus, if this Court were to grant the plaintiff the relief he seeks, it would necessarily nullify the result in the D.D.C. litigation. *Lucky Brand*, 140 S. Ct. at 1595 (stating that "claims to relief may be the same for the purposes of claim preclusion if, among other things, a different judgment in the second action would impair or destroy rights or interests established by the judgment entered in the first action") (quotation marks and citation omitted).

The plaintiff alleges that his claims are not barred because "new factual matters have been introduced" and "subsequent media releases continue to show" that the scandal was "far larger than when [the plaintiff] filed his solitary suit back in 2017." ECF No. 32 at 5. Thus, he could not have brought these claims in the D.D.C. litigation. Neither argument is persuasive.

As an initial matter, the plaintiff has not alleged any new facts. He contends that Admiral Norton's "misconduct and lack of authority" only came to light after the prior court ruled against him. ECF No. 32 at 4. But the operative complaint in this case tells the Court otherwise. Attached to the plaintiff's amended complaint is a

Washington Post article reporting that the Navy "had censured [Admiral Norton] for personal misbehavior and accepting illicit gifts in the 'Fat Leonard' corruption case." ECF No. 26-8 at 1. That article is dated November 29, 2017—two and half years prior to May 12, 2020 (the date that the plaintiff filed his amended complaint in the D.D.C. litigation).[6] *McPherson*, 2021 WL 1820290, at *7.

The plaintiff also contends that because the prior court did not consider the statement from Sabrina Norton and the affidavit[7] from former Fleet Judge Advocate Daniel Crouch, "*res judicata* cannot apply." ECF No. 32 at 4. However, this argument conflates claim preclusion and issue preclusion. "[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand*, 140 S. Ct. at 1594. The question before the Court is not whether the claim was actually litigated, but rather, whether it *could*

---

[6] The plaintiff's amended complaint in the D.D.C. litigation made specific allegations related to Admiral Norton's "pattern of poor judgment," including his involvement in the corruption scandal and the allegations contained in Sabrina Norton's statement. Pl.'s Amend. Compl. at ¶¶ 59–60, *McPherson v. Hacker*, No. 1:18-cv-3082 (D.D.C. May 12, 2020); *see also* Pl's Amend. Compl. *McPherson v. Hacker*, No. 1:18-cv-3082 (D.D.C. May 12, 2020), ECF No. 9-9 (article discussing the censure Admiral Norton received for his involvement in the corruption scandal).

[7] The aforementioned affidavit the plaintiff references is legally insufficient. *See* ECF No. 26-9. It is a printed-out email from former Fleet Judge Advocate Daniel Crouch that he characterizes as "a letter of support." *Id.* at 1. It is not signed, nor does it include a notary seal. *Williams v. N. Charleston Police Dept.*, 2014 WL 4273317, at *4 (D.S.C. Aug. 29, 2014) (defining an affidavit as "a written statement of facts, 'confirmed by oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation'") (quoting Black's Law Dictionary 58 (6th ed. 1990)). Pursuant to 28 U.S.C. § 1746, unsworn declarations may be used in lieu of an affidavit provided that the declarant states that they do so "under penalty of perjury" and the declaration is "signed" and dated. 28 U.S.C. § 1746. Daniel Crouch's letter does not meet the evidentiary requirements of either an affidavit, or an unsworn declaration.

have been litigated. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.") (quotation marks and citation omitted).

Both Sabrina Norton's and Daniel Crouch's statements touch on the plaintiff's argument that Admiral Norton lacked authority to impose nonjudicial punishment. That claim could have been brought in the initial case, and thus, cannot be relitigated here. *See Lucky Brand*, 140 S. Ct. at 1595 ("If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

Next, the plaintiff asserts that the subsequent media releases demonstrate the scandal was "far larger than when" he filed his suit, and thus, he could not have brought these claims then. ECF No. 5 at 5. He cites to *Lawler v. Nat. Screen Service Corp.*, 349 U.S. 322 (1955), to support the proposition that "*res judicata* does not bar a suit, even if it involves the same course of wrongful conduct as alleged earlier, so long as the suit alleges new facts or a worsening of the earlier conditions." ECF No. 5 at 5. A full reading of *Lawler*, however, demonstrates that the case stands for a much narrower proposition—that two suits are not "based on the same cause of action" where the conduct "complained of [in the later filed suit] was all subsequent to the prior judgment" and it, therefore could not "be given the effect of extinguishing claims

which did not even then exist and which could not possibly have been sued upon in the previous case." *Lucky Brand*, 140 S. Ct. 1589, 1596 (stating *Lawler*'s holding) (quotation marks and citation omitted).

It is axiomatic that a litigant is not penalized for failing to raise a claim in a prior proceeding that could not have been brought. *Dionne*, 40 F.3d at 683 ("It is clear enough that a litigant should not be penalized for failing to seek unified disposition of matters that could not have been combined in a single proceeding.") (citation omitted). That is because "events that occur after the plaintiff files suit often give rise to new material operative facts that in themselves, or taken in conjunction with antecedent facts, create a new claim to relief." *Lucky Brand*, 140 S. Ct. at 1596 (quotation marks and citation omitted).

But that is not this case. The plaintiff is not alleging any conduct that occurred after he filed his amended complaint in the D.D.C. litigation. Rather, he is alleging that "he had no knowledge of" the misconduct or its effects on Admiral Norton's authority to impose nonjudicial punishment. ECF No. 32 at 5–6. As discussed earlier, the plaintiff's own amended complaint makes clear that, at a minimum, he was aware of Admiral Norton's involvement in the alleged corruption scandal on some level prior to the D.D.C. litigation. That is true even if the Court credits the plaintiff's claim that he was not privy to the full extent of the Admiral's and others' purported involvement. *See* ECF No. 26-9; *see also* Pl.'s Amend. Compl. at ¶ 59, *McPherson v. Hacker*, No. 1:18-cv-3082 (D.D.C. May 12, 2020) (alleging facts "suggesting [that Admiral Norton had] a pattern of poor judgment and intimidating those over whom he held

authority”). The allegation that the scandal was more widespread, and involved misconduct from additional Naval officers does not change the fact that the plaintiff knew about Admiral Norton’s involvement when he filed his amended complaint in the D.D.C. litigation.[8]

The plaintiff claims that “he had no knowledge of” the fact “that it was U.S. Navy Sixth Fleet policy that an officer under investigation does not sit in judgment of subordinate sailors.” ECF No. 32 at 6. The Court sees no reason—and the plaintiff offers none—as to why this information would not have been available during the D.D.C. litigation. Daniel Crouch’s statement involves Admiral Norton’s involvement in the corruption scandal, which the plaintiff knew about and addressed. It was the plaintiff’s “duty, as the master of [his] complaint, to make sure that the [previous court] identified all of [his] claims.” *Pueschel v. U.S.*, 369 F.3d 345, 356 (4th Cir. 2004). The plaintiff’s failure to do so does not prevent the judgment in the D.D.C. litigation from having preclusive effect. *Id.*; *Federated Dep’t Stores Inc.*, 452 U.S. at 398 (“A final judgment on the merits of an action precludes the parties . . . from relitigating issues that were *or could have been* raised in that action.”) (emphasis added).

[8] These allegations are potentially relevant to other members of the plaintiff’s proposed class, and nothing in this Court’s Memorandum Opinion and Order would prevent those individuals from bringing their own suits. This plaintiff, though, is not able to avoid the claim preclusive effect of the D.D.C. litigation by relying upon potential claims of unnamed class members. *See Sessions v. Morales-Santana*, 582 U.S. 47, 57 (2017) (“Ordinarily, a party must assert [their] own legal rights and cannot rest [their] claim to relief on the legal rights of third parties.”) (quotation marks and citation omitted, alterations accepted).

Because the instant litigation involves the same BCNR decision, the same or similar legal theories, the same requested relief, and the same conduct occurring at the same time, the suits have a common nucleus of operative facts. As a result, claim preclusion bars the plaintiff from relitigating his claims in this Court.

Put simply, the plaintiff comes to this Court and endeavors to repackage his claims as a class action in an apparent effort to defeat the preclusive effect of the D.D.C. litigation. Such efforts are unavailing.

## IV. CONCLUSION

For the reasons explained above, Defendant Secretary Carlos Del Toro and the BCNR's motion to dismiss the first amended complaint (ECF No. 28) is **GRANTED.** Accordingly, Claims I, II, and III of the first amended complaint (ECF No. 26) are **DISMISSED WITH PREJUDICE** for failure to state a claim.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
November 14, 2023